### ÆTNA INDEMNITY CO. v. AUTO-TRACTION CO.*

(Circuit Court of Appeals, Ninth Circuit. June 18, 1906.)

#### No. 1,260.

1. GUARANTY—INDEMNIFIED GUARANTOR—DISCHARGE.

Under Civ. Code Cal. § 2824, providing that a guarantor who has been indemnified by the principal is liable to the creditor to the extent of the indemnity notwithstanding the creditor, without the guarantor's assent, may have waived the contract or released the principal, where a guarantor had taken security from his principal for the performance of a contract for the manufacture of automobiles, the guarantor was not discharged by the buyer's rescission of the contract after breach by the manufacturer and the commencement of a suit to recover money paid on the contract.

[Ed. Note.—For cases in point, see vol. 25, Cent. Dig. Guaranty, § 75.]

2. SAME—INDEMNITY—EVIDENCE.

In an action to recover on a guaranty of performance of a contract, evidence *held* sufficient to establish that the guarantor had taken indemnity from his principal.

3. EVIDENCE—DECLARATIONS OF AGENT.

Where declarations were made by the agent of a guarantor in connection with its assent to plaintiff's rescission of the contract guarantied and stated reasons for the guarantor's refusal to refund the amount paid by plaintiff under the contract, such declarations were not objectionable as admissions made by an agent concerning past transactions.

In Error to the Circuit Court of the United States for the Northern District of California.

The defendant in error filed a complaint against the plaintiff in error and the Universal Automobile Company, a corporation, in which it alleged: That on June 30, 1903, a contract was made between the Universal Automobile Company, the defendant in error, and A. H. Eddy, in which it was agreed that the automobile company should, within 47 days from the date of the payment of the first installment by the other parties to the agreement, manufacture for them four automobiles for the consideration of $4,500, of which they were to pay 50 per cent. on the execution of the agreement, 25 per cent. when the vehicles were assembled, and the remaining 25 per cent. upon their delivery. That on October 24, 1903, a further agreement was made between the parties that the time for the completion of said vehicles should be extended to December 1, 1903, and that on the same day, in consideration of such extension, the automobile company, as principal, and the plaintiff in error, as surety, executed to the defendant in error and said Eddy a bond in the sum of $3,600, conditioned as follows: "The condition of this obligation is such,

---

*Rehearing denied October 29, 1906.

that if the above bounden Universal Automobile Company, its successors or assigns, shall in all things stand to and abide by, and well and truly keep and perform, the covenants, conditions, and agreements in a certain contract, dated June 30, 1903, executed by said Universal Automobile Company with said Auto-Traction Company and said A. H. Eddy, for the construction and completion of certain automobiles, the time for the construction of which said automobiles has been extended to December 1, 1903, contained, on its or their part to be kept and performed, at the time, to wit, December 1, 1903, and in the manner and form in said contract specified—then the above obligation shall be void; otherwise, to remain in full force and virtue."

The complaint alleged: That the automobile company never manufactured any of the vehicles, and failed, refused, and neglected so to do. That in pursuance of the contract the defendant in error and said Eddy paid the automobile company on June 30, 1903, $2,500, and on August 10, 1903, $1,000. That on December 16, 1903, they served on the plaintiff in error and the automobile company, severally, written notices that on account of the failure of said automobile company to complete and deliver said vehicles, as provided in the agreement, they rescinded said agreement, and demanded the return of the moneys paid, together with interest thereon at 7 per cent. per annum. That before the commencement of the action, the said Eddy assigned and transferred to the defendant in error all his right and interest in said contract and in said bond. That none of said money had been repaid to the defendant in error; wherefore it demanded judgment for $3,500, and interest thereon at 7 per cent. per annum. The plaintiff in error demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action as against it. The demurrer was sustained. Subsequently the defendant in error filed an amended complaint, setting forth the agreement of June 30, 1903, and the undertaking of guaranty, and alleging the failure of the automobile company to comply with the terms thereof, making no reference to the rescission of the agreement, and alleging a breach of the contract, to the damage of the defendant in error in the sum of $3,500. The plaintiff in error filed its separate answer to the amended complaint, and, as matter of defense, alleged the rescission of the contract by the defendant in error, both by the written notices above referred to, and by the allegations of the original complaint, in which it was alleged that the contract was rescinded. The action was tried on the issues raised between the plaintiff in error and the defendant in error. A jury trial was waived, and the court made findings of fact. The findings which are pertinent to the questions now presented in this court are in substance the following: That at the time when the plaintiff in error executed the agreement of guaranty, the automobile company, as principal, executed to it a bond of indemnity, wherein and whereby it fully indemnified it against any loss or liability that might be occasioned or caused to it by reason of its execution of said guaranty undertaking. The court further found that notices of rescission were given on or about December 16, 1903, as set forth in the original complaint, and found "that before the service of said notice upon and the delivery of the same to said Ætna Indemnity Company, the said Ætna Indemnity Company consented to the rescission of said contract by said plaintiff and said A. H. Eddy." The court found, as a conclusion of law, that the defendant in error was entitled to judgment against the plaintiff in error for the sum of $3,500, with interest from December 23, 1903, at 7 per cent. per annum, and for costs.

Judson C. Brusie and Aylett R. Cotton, for plaintiff in error.
William A. Bowden, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

It is the contention of the plaintiff in error that the rescission of

the contract released and discharged it from its obligation upon the contract of guaranty; that, by the rescission for nonperformance, the contract was entirely set aside, and the relation between the parties thereto was as if the contract had never been made, and that the party rescinding could recover only upon a quantum meruit, and could not allege a breach of the contract; and that the guarantor could become liable upon his written guaranty only in the event of a breach of the contract which he guarantied. We can discover no substantial reason for holding that the giving of the notice of recission or the filing of the original complaint should release the plaintiff in error from its liability as it was sought to be enforced by the amended complaint. There is nothing in either act to show that the defendant in error intended to release the plaintiff in error. On the contrary, the opposite intention is clearly expressed in both. Nor can the plaintiff in error contend that it has in any way been prejudiced by such action of the defendant in error. Its relation to the automobile company was in no. wise altered thereby, nor was it prejudiced thereby. The automobile company had done nothing to carry out the contract. It had not even commenced the manufacture of the vehicles. It had broken its contract in toto. It was under obligation to return the purchase money which had been advanced by the other parties thereto, and this was all that was sought to be obtained by either the notice of rescission, the original complaint, or the amended complaint. But whatever may have been the effect of the notice of rescission and the commencement of the action, the judgment is in our opinion sustainable, on the ground that the plaintiff in error had been indemnified upon the liability which it assumed on the bond. In section 2824 of the Civil Code of California it is provided:

"A guarantor who has been indemnified by the principal is liable to the creditor to the extent of the indemnity, notwithstanding that the creditor, without the assent of the guarantor, may have modified the contract or released the principal."

The terms of this statute are sufficiently comprehensive to include the case of a rescission of a contract. The section is taken from the statutes of New York in which the courts of that state have deduced the rule "that a surety taking security from his principal loses his privileges as a surety and becomes a trustee for the creditor." Moore & Barney v. Paine, 12 Wend. (N. Y.) 123. See, also, Smith v. Estate of Steele, 25 Vt. 427, 60 Am. Dec. 376. But the plaintiff in error questions the sufficiency in law of the evidence to support a finding that it was indemnified. The evidence consists, first, in the letter of the plaintiff in error of date December 4, 1903, written in answer to the demand of the defendant in error for the return of the money which had been advanced on the contract. In that letter it is said:

"As we are fully protected from any loss, we cannot take any steps at this time."

In addition to this, there was the testimony of the attorney for the defendant in error that he had seen the bond given by the automobile company to the plaintiff in error which he said was a bond to protect

the latter "against any possible loss, or any possible liability that might be occasioned or caused" by reason of the bond given for the faithful performance of the contract, that the agent of the plaintiff in error exhibited the document to him in his office. There is testimony also of another attorney for the defendant in error that the agent of the plaintiff in error said to him:

"Give me a little time to see Gen. Hart, who is the president of the Universal Automobile Company, and, if it is as you say, the amount will be paid, because it makes no difference to us; we have got full security; we are fully indemnified by the Universal Automobile Company."

Mr. Eddy testified that he notified the manager of the plaintiff in error that the automobile company had failed to complete the vehicles "and we should hold them, the Ætna Indemnity Company, liable for the money. The manager looked over some papers he had on the desk, and said it did not make any difference to them, that they were wholly protected and we could do whatever we desired in regard to collecting our money." The record shows, moreover, that the agent of the plaintiff in error signed a stipulation by which it was agreed that the indemnity bond should be produced in court on the trial of the cause and in addition to that it appears that he was subpœnaed to produce that instrument at the trial; but that the paper was not produced. The plaintiff in error contends that no more appears from all this evidence than that the Universal Automobile Company executed its bond to the plaintiff in error, and it argues that such an instrument without surety does not amount to indemnity. We do not so understand the evidence. It is true, that the witness who saw the bond testified that it was in the form of a bond given by the Universal Automobile Company to the Ætna Indemnity Company; but it does not appear from that statement that the witness meant to say that it was a bond without a surety. There is more reason to infer from his testimony that it was a bond with surety, for such is the general understanding of the use of the word "bond." It would have been an idle act for the plaintiff in error to take from its principal the latter's own undertaking without surety to hold it harmless. The plaintiff in error had full opportunity to produce the bond in court. It chose not to do so, but to rely upon technical objections and such defects as might be found in the evidence which was offered to prove that it was indemnified. Under those circumstances it cannot complain that it is taken at its word when it said through its manager that it was fully protected from any loss. Every intendment and presumption is against the party who might remove all doubt by producing the document. Cross v. Bell, 34 N. H. 82.

The plaintiff in error objected to the admission in evidence of the letter of the plaintiff in error and the declarations of its manager concerning the indemnity received from the automobile company, on the ground that the manager or officer of a corporation cannot make admissions as to past transactions so as to bind the corporation, and contends that it was error to admit such evidence. We find no merit in the contention. The declarations were made

in connection with the assent of the plaintiff in error to the rescission of the contract. and as ground for refusing to meet the obligation which it had assumed, and to pay the money which was due to the defendant in error, and as ground for relegating the defendant in error to his legal remedy by an action. But, aside from the evidence of such declarations, there was sufficient in the testimony of the witness who saw and examined the bond to sustain the finding of the court that the plaintiff in error was indemnified.

The judgment of the Circuit Court is affirmed.